# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 5, 2000

## QUENTIN LEWIS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-19928     L. T. Lafferty, Judge**

---

**No. W1998-00793-CCA-R3-PC - Filed January 23, 2001**

---

This is an appeal from the denial of post-conviction relief. Appellant pled guilty to especially aggravated kidnapping and criminal attempt to commit first degree murder. Pursuant to a negotiated plea agreement, he received concurrent twenty-eight-year sentences to be served concurrently with his federal sentence, but consecutively to a thirty-year state sentence for aggravated robbery. Thereafter, appellant filed a petition for post-conviction relief alleging his trial counsel failed to provide effective representation and that, but for counsel's errors, he would not have pled guilty. The post-conviction court denied relief. We conclude trial counsel provided effective representation, and the appellant's plea was voluntarily and knowingly entered. Thus, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Juni S. Ganguli (on appeal) and James H. Taylor, III (at hearing), Memphis, Tennessee, for the appellant, Quentin Lewis.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; and Camille McMullen, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Appellant pled guilty to especially aggravated kidnapping and criminal attempt to commit first degree murder pursuant to a negotiated plea agreement. Thereafter, appellant filed a petition for post-conviction relief alleging his trial counsel failed to provide effective representation. The post-conviction court denied relief, and this appeal followed. Appellant now makes the following allegations with regard to his claim of ineffective assistance of counsel:

(1) trial counsel failed to investigate alibi witnesses whose names and addresses were provided to her by appellant;
(2) trial counsel failed to review discovery documents with appellant;
(3) trial counsel failed to negotiate concurrent federal and state sentences;
(4) trial counsel's representation was hindered by a conflict of interest; and
(5) trial counsel failed to meet with appellant a sufficient number of times to prepare for trial.

Appellant further claims that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.

We conclude appellant's allegations are without merit. Trial counsel provided effective representation, and appellant's plea was voluntarily and knowingly entered. Thus, the judgment of the trial court is affirmed.

## BACKGROUND

On February 15, 1996, Officer Frasier of the Memphis Police Department stopped a vehicle for speeding. The vehicle pulled into the driveway of an apartment complex. The appellant got out of the passenger side of the vehicle, pointed a .38 caliber revolver at the officer and pulled the trigger several times. The gun misfired, and the appellant fled. Appellant then abducted Carlos Perry, a resident of the apartment complex, at gunpoint. He and Perry then left the scene in Perry's vehicle. Eventually, appellant instructed Perry to let him out of the vehicle. The police apprehended the appellant several days later.

Appellant was indicted on charges of especially aggravated kidnapping and criminal attempt to commit first degree murder. Appellant entered a plea of guilty to both charges in exchange for concurrent twenty-eight-year sentences. His sentences were set to run concurrently to additional federal charges and consecutively to a prior thirty-year sentence for a state charge of aggravated robbery.

## POST-CONVICTION HEARING

Appellant filed a petition for post-conviction relief claiming he received ineffective assistance of counsel. At the hearing on the petition, the defendant testified that trial counsel had never contacted the alibi witnesses he provided her, never discussed the elements of the offenses for which he was charged, and never discussed discovery materials with him. He further claimed that due to a complaint he filed with the Board of Professional Responsibility regarding counsel's deficient performance, counsel had a conflict of interest rendering her assistance ineffective. He further stated that the day before trial was to begin he informed the trial court that he had filed a

complaint against counsel with the Board of Professional Responsibility. However, the trial court determined there was no conflict which would warrant the release of counsel from appellant's case.

Trial counsel testified that she met with the appellant on the date of each court appearance, which would have been approximately eight times, and further stated that her notes reflected that she met with the appellant at the jail on two occasions. Contrary to appellant's testimony, she testified that the appellant never informed her of any alibi witnesses. She testified that the appellant told her he wanted concurrent sentences with regard to both his state and federal charges. Thus, she stated that she worked with his federal counsel and the prosecutor to reach a favorable plea agreement. Counsel further testified that she addressed the following with the appellant: the indictment; the discovery packet; the elements of the offenses; the trial process; his constitutional rights; and the percentage of his sentence appellant would be required to serve as a violent offender. While she admitted that she did not inform the trial court about the appellant's complaint to the Board of Professional Responsibility, she stated that she did not believe there was a conflict and further stated that she had co-counsel.

The post-conviction court found that trial counsel met with her client approximately ten times, provided appellant with a copy of the state's discovery, was adequately prepared for trial, successfully arranged a plea agreement which accomplished exactly what the appellant had requested, and properly instructed the appellant about the length of his sentence with regard to his status as a violent offender. The post-conviction court further noted that the original trial court had previously determined that there was no conflict of interest between appellant and counsel. The post-conviction court found that the failure to advise that court of the disciplinary complaint did not render her representation ineffective, especially in light of the trial court's determination that no conflict existed. The post-conviction court further held the appellant had been properly instructed on his constitutional rights before he entered his guilty plea. Thus, the post-conviction court concluded that the appellant failed to establish that he was denied effective assistance of counsel, and failed to establish that his plea was involuntary due to counsel's ineffective representation.

## STANDARD OF REVIEW

### A. Trial Court's Findings

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Henley, 960 S.W.2d at 578-79; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Burns, 6 S.W.3d

at 461. The burden of establishing that the evidence preponderates otherwise is on petitioner. <u>Henley</u>, 960 S.W.2d at 579.

## B. Ineffective Assistance of Counsel

This court reviews a claim of ineffective assistance of counsel under the standards of <u>Baxter v. Rose</u>, 523 S.W.2d 930 (Tenn. 1975), and <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. <u>Strickland</u>, 466 U.S. at 687, 104 S. Ct. at 2064; <u>Goad v. State</u>, 938 S.W.2d 363, 369 (Tenn. 1996); <u>Overton v. State</u>, 874 S.W.2d 6, 11 (Tenn. 1994); <u>Butler v. State</u>, 789 S.W.2d 898, 899 (Tenn. 1990).

In <u>Hill v. Lockhart</u>, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), the Supreme Court applied the two-part <u>Strickland</u> standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in <u>Hill</u> modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S. Ct. at 370; <u>Hicks v. State</u>, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Strickland</u>, 466 U.S. at 689, 104 S. Ct. at 2065.

## ANALYSIS

### (1)

Appellant claims he provided counsel with a list of names and addresses of persons who would testify that he was with them at the time of the alleged crimes.

Firstly, we note that appellant failed to present the alleged alibi witnesses at the hearing on his petition for post-conviction relief. "When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." <u>Black v. State</u>, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990); *see also* <u>Scott v. State</u>, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996). As a general rule, this is the only way the petitioner can establish that (1) a material witness existed who could have been discovered but for counsel's negligent investigation of the case; (2) a known witness was not interviewed; (3) the failure to discover or interview the witness caused him prejudice; or (4) the failure to present a known witness or call the witness to the stand resulted in the denial of critical evidence which caused the petitioner prejudice. <u>Black</u>, 794 S.W.2d at 757. Neither the trial court

nor this Court can speculate on what a witness' testimony might have been if introduced by counsel. *Id.* Thus, appellant has failed to establish prejudice.

Secondly, we note that the post-conviction court found that appellant's testimony was not credible on this point. Trial counsel testified that appellant never provided her with any information about these witnesses. This issue is without merit.

**(2)**

Appellant claims counsel failed to discuss with him the discovery information she received from the state. However, the trial court found that appellant was provided a copy of the discovery packet, and counsel testified that she went over the discovery with the appellant. The post-conviction court accredited counsel's testimony. This allegation is without merit.

**(3)**

Appellant argues trial counsel was ineffective for failing to procure concurrent sentences. Counsel negotiated a plea agreement for the appellant's sentences for aggravated kidnapping and criminal attempt to commit first degree murder to be served concurrently with each other and concurrently with his federal sentence. However, these sentences ran consecutively to a thirty-year sentence for a prior state conviction for aggravated robbery. Trial counsel's attempts to secure an agreement for total concurrent sentencing were unsuccessful. The failure of the state to recommend that all sentences run concurrently does not indicate any deficiency in trial counsel's performance. This allegation is without merit.

**(4)**

Appellant filed a complaint in March 1997 with the Board of Professional Responsibility regarding trial counsel's performance. Counsel did not file a request to withdraw with the trial court. However, the appellant apparently brought it to the trial court's attention. The original trial court found there was no conflict of interest and did not remove counsel. Appellant now asserts that counsel had an obvious conflict of interest.

Counsel fervently denied there was a conflict. She testified that it was not unusual for clients to file such complaints thinking they would not have to go to trial. She stated that she did not inform the court because no file had been opened by the Board of Professional Responsibility, and she did not believe an actual conflict existed.

The post-conviction court found that in light of the original trial court's finding that no conflict existed, the failure to file a request to withdraw did not result in ineffective assistance of counsel. We agree. Appellant has failed to establish prejudice. This allegation is without merit.

**(5)**

Appellant finally contends trial counsel failed to meet with him a sufficient number of times to prepare for trial. Counsel testified that she met with appellant approximately eight times with regard to his court appearances and two times at the jail. The post-conviction court found counsel's

assertions to be true, and the record supports its finding. Appellant has failed to establish deficient performance. This allegation is without merit.

## **CONCLUSION**

We conclude that each of appellant's allegations is without merit; therefore, we affirm the judgment of the post-conviction court.

_____
JOE G. RILEY, JUDGE